UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EDWARD WADE,

                Plaintiff,

       -against-

NEW YORK CITY POLICE OFFICERS;
POLICE OFFICER LONNIE JOHNSON,
SHIELD NO. 01739, 28th PRECINCT, ET AL.,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM and ORDER**

07 Civ. 6640 (SHS)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Edward Wade ("Wade"), who is proceeding pro se, brought this action, pursuant to 42 U.S.C. § 1983. He has requested that the Court appoint counsel to assist him. His application is addressed below.

      Wade contends the defendants violated rights secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, when, in February 2005, they seized him, at gunpoint, while lacking "reasonable suspicion or reasonable grounds to support an arrest and filing of a felony complaint" charging Wade with robbery. According to Wade, as a result of his encounter with the defendants, in February 2005, he suffered physical injury, trauma and extreme pain and suffering. Wade maintains he was held in custody for approximately three months; thereafter the charges made against him were dismissed.

      Unlike criminal defendants, prisoners, such as the plaintiff, and indigents filing civil actions have no constitutional right to counsel. However, 28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to represent any person unable to afford counsel. Plaintiff made an application to proceed in forma pauperis, which was granted on July 24, 2007. As a consequence, he is within the class to whom 28 U.S.C. § 1915(e)(1) speaks.

From the face of the complaint, the Court cannot conclude that Wade's claim, that he was subjected to a constitutional violation, lacks any substance. Therefore, the Court determined to consider the Hodge factors noted above. Having considered those factors, the Court finds that Wade should have no problem investigating the facts pertinent to this action, which are straightforward and not complex. At this juncture in the proceedings, it is not clear whether conflicting evidence implicating the need for cross-examination will be a major proof presented to the factfinder. Therefore, this Hodge factor militates against granting the plaintiff's request for counsel. Wade's complaint is clearly written and recites the facts he believes entitle him to relief, concisely. Given the clarity with which the complaint is written, it is likely that Wade will have no difficulty presenting his case to the factfinder. Accordingly, this Hodge factor also militates against appointing counsel for Wade. It also appears, from the face of the complaint, that Wade has an understanding of the legal issues in this action which, like the factual allegations in the complaint, are not complex. Furthermore, Wade has not identified any special reason, in this case, why appointment of counsel would be more likely to lead to a just determination.

Accordingly, in the circumstance of the case at bar, having considered the various factors outlined in Hodge, supra, the Court finds that granting the plaintiff's application for appointment of counsel is not warranted; the application is denied.

Dated: New York, New York
February 20, 2008

SO ORDERED:

/Kevin Nathaniel Fox/
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Edward Wade
Jessica T. Cohen, Esq.